# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DONNA J. KIRKLAND,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-398-VEH |
| | ) |
| **DAVID L. JONES, et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

### I.  INTRODUCTION

*Pro se* Plaintiff Donna J. Kirkland ("Kirkland") initiated this action on February 4, 2011, against Defendants David Lee Jones ("Jones"), The Advertiser Gleam Newspaper (the "Newspaper"), Peoples State Bank of Commerce (the "Bank"), and Brenda Barnes ("Barnes") pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1). Kirkland also asserts claims against the Bank and Barnes pursuant to the Fair Credit Reporting Act ("FCRA"). (Doc. 1).

Pending before the Court are Kirkland's Motion for Temporary Restraining Order (doc. 10) and Second Motion for Temporary Restraining Order (doc. 13). A hearing was held on these motions on April 21, 2011.

## II.     STANDARD

Where the defendants were provided notice of a motion for a temporary restraining order and were present at a hearing on the matter, the court may treat the motion as a motion for a preliminary injunction. *Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1262 (11th Cir. 2004); *Four Seasons Hotels & Resorts, V.B. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 n.3 (11th Cir. 2003). In the instant case the Court finds that the motions for a temporary restraining order should be treated as motions for a preliminary injunction because the defendants are on notice, were present at the hearing, and Kirkland seeks an injunction that would last for the length of the action.

A preliminary injunction is an "extraordinary and drastic remedy" that should be granted only if the moving party has clearly established: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to the plaintiff outweighs the threatened harm the injunction may do to the defendant; and (4) that granting the preliminary injunction will not be adverse to public interest. *Cunningham v. Adams*, 808 F.2d 815, 819-22 (11th Cir. 1987); *see McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). The moving party carries the burden of persuasion as to each of these four elements. *Four*

*Seasons Hotels & Resorts*, 320 F.3d at 1210; *McDonald's Corp.*, 147 F.3d at 1306. When analyzing the first two elements, the review "require[s] a delicate balancing of the probabilities of ultimate success at final hearing with the consequences of immediate irreparable injury which could possibly flow from the denial of preliminary relief." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1241 (11th Cir. 2005) (quoting *Siegel v. LePore,* 234 F.3d 1163, 1178 (11th Cir.2000) (en banc)).

Granting a motion for a preliminary injunction is "the exception rather than the rule." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). A district court's order granting or denying a motion for preliminary injunction is reviewed on appeal for abuse of discretion. *McDonald's Corp.*, 147 F.3d at 1306.

"In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons Hotels & Resorts*, 320 F.3d at 1210. Sufficiency of notice "is a matter left within the discretion of the trial court." *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986). An evidentiary hearing is not always required prior to the issuance of a preliminary injunction; however, "where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held." *McDonald's Corp.*, 147 F.3d at 1312; *see Four Seasons Hotels & Resorts*, 320 F.3d at 1211 ("Where conflicting factual information

3

places in serious dispute issues central to a party's claims and much depends upon the accurate presentation of numerous facts, the trial court errs in not holding an evidentiary hearing to resolve these hotly contested issues.") (internal quotation omitted).

### III.   ANALYSIS

"A showing of irreparable harm is the *sine qua non* of injunctive relief." *Schiavo*, 403 F.3d at 1241 (quoting *Ne. Fla. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990)). "[E]ven if Plaintiff[] establish[es] a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper."  *Siegel*, 234 F.3d at 1176; *see Snook v. Trust Co. of Ga. Bank of Savannah, N.A.,* 909 F.2d 480, 486 (11th Cir.1990) (affirming denial of preliminary injunction even though plaintiff established likelihood of prevailing because plaintiff failed to meet burden of proving irreparable injury); *Flowers Indus. v. FTC,* 849 F.2d 551, 552-53 (11th Cir.1988) (reversing preliminary injunction based solely on plaintiff's failure to show irreparable injury); *Lambert,* 695 F.2d at 540 (affirming denial of preliminary injunction and stating that a plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm"). "[T]he asserted irreparable injury must be neither remote

nor speculative, but actual and imminent." *Siegel*, 234 F.3d at 1176-77 (internal quotation omitted).

Kirkland argues that she requires a temporary restraining order preventing the defendants from further foreclosure proceedings. (Doc. 10 at 2-3). Kirkland asserts that without such an order she will suffer irreparable harm because once the foreclosure sale has taken place she will suffer the complete loss of the real property at issue. (Doc. 13 at 2). Although she does not address it in her Motions for Temporary Restraining Order, Kirkland asserts in her Complaint that the Bank and Barnes attempted to repossess her vehicle. (Doc. 1 at 4). At the hearing, Kirkland asked for the Court to enjoin the repossession of her vehicle.

In its brief in support of its Motion to Dismiss, the Bank states that it conducted a foreclosure sale of the real property at issue on February 22, 2011. (Doc. 20 at 3). In her Second Motion for a Temporary Restraining Order, Kirkland states that she was present at this foreclosure sale. (Doc. 13 at 3). Kirkland also indicates that others have already taken possession of the real property. (Doc. 13 at 3). Although foreclosure on real property threatens irreparable harm, *Johnson v. United States Dep't of Agric.*, 734 F.2d 774, 789 (11th Cir. 1984), Kirkland's request for injunctive relief is now moot because the foreclosure sale has already occurred , *Muhammad v. HSBC Bank USA, N.A.*, 399 Fed. Appx. 460, 461 (11th Cir. 2010); *Rubacky v.*

*Morgan Stanley Dean Witter Credit Corp.*, 104 Fed. Appx. 757, 758 (1st Cir. 2004) ("[W]here, as here, the event that plaintiff sought to enjoin – the January 2004 foreclosure sale – has already occurred, this court lacks to the power to turn back the clock and, accordingly, the appeal is moot.") (internal quotation omitted); *Sall v. Bounassissi*, No. DKC 10-2245, 2010 WL 5139032, at *2 (D. Md. Dec. 10, 2010) ("The court cannot enjoin what has already occurred."). To the extent that Plaintiff seeks to enjoin the repossession of her vehicle, such request is also moot as Plaintiff testified at the hearing that her car was repossessed on February 8, 2011.

## V. CONCLUSION

Accordingly, for the reasons stated above, Kirkland's Motion for a Temporary Restraining Order and Second Motion for a Temporary Restraining Order are due to be denied. A separate order will be entered.

**DONE** and **ORDERED** this the 21th day of April, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge