# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DONNA J. KIRKLAND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:11-CV-398-VEH |
| | ) |
| **DAVID L. JONES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

*Pro se* Plaintiff Donna J. Kirkland ("Kirkland") initiated this action on February 4, 2011, against Defendants David Lee Jones ("Jones"), The Advertiser Gleam Newspaper (the "Newspaper"), Peoples State Bank of Commerce (the "Bank"), and Brenda Barnes ("Barnes") pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1)  Kirkland also asserts claims against the Bank and Barnes pursuant to the Fair Credit Reporting Act ("FCRA"). (Doc. 1).

Pending before the Court are Defendants Newspaper, Bank, and Barnes's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 12, 18, and 19, respectively).  Also pending before the Court is Kirkland's Motion to Strike the Affidavit of Brenda Barnes (doc. 31) attached as an exhibit to the Bank and

Barnes's Motion to Dismiss (doc. 20 Ex. 1). A hearing was held on these motions on April 21, 2011.

## II. STANDARD ON MOTION TO DISMISS

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). The court therefore "accept[s] as true the facts set forth in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth --- legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall*,

610 F.3d at 709 -710.

Kirkland appears before this Court *pro se*. The law is clear that "[a] document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This liberal construction, however, "does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall*, 610 F.3d at 709; *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigation "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

### III.   ANALYSIS

### A.   The FDCPA

The FDCPA imposes "civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle*, 130 S. Ct. 1605, 1608 (2010). Debt collectors are defined to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.

§ 1692a(6). The term does not include a creditor acting on its own behalf or any "officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6); *see Catencamp v. Cendant Timeshare Resort Grp.*, 471 F.3d 780, 781 (7th Cir. 2006); *McGrady v. Nissan Motor Acceptance Corp.*, 40 F. Supp. 2d 1323, 1335 (M.D. Ala. 1998) ("Generally, actual creditors . . . are not subject to the act." (Quotation omitted)). There is an exception to this general rule when the actual creditor seeks to collect debts due it under an assumed name. 15 U.S.C. § 1692a(6); *McGrady*, 40 F. Supp. 2d at 1335 n.4. That exception is not applicable here.

### 1.     The Newspaper

The basis of Kirkland's claims against the Newspaper is its publication on January 28, 2010, of a notice of foreclosure against her property. (Doc. 1 at 6, 9). Kirkland's Complaint alleges that it was the Bank and Barnes who caused the Newspaper to publish the foreclosure notice. *Id.* at 6; *see* Ala. Code § 35-10-13 (requiring notice of foreclosure sale to be published once a week for three successive weeks in a newspaper published in the county where the land at issue is located). There are no allegations in the Complaint that the Newspaper is a debt collector. Because the FDCPA only regulates the activities of debt collectors, *see Jerman*, 130 S. Ct. at 1608, Kirkland's claims against the Newspaper are due to be dismissed.

**2.     The Bank and Barnes**

At the hearing, Kirkland stated that her contractual agreement was with Peoples State Bank and denied owing a debt to Peoples State Bank of Commerce. Thus, Kirkland argues that neither the Bank nor Barnes are actual creditors and, therefore, are subject to liability under the FDCPA.

At the hearing, Kirkland stated that she had a mortgage with Peoples State Bank on the property at issue. The Bank's attorney stated that Peoples State Bank was the initial entity holding the mortgage but later merged with other banks to form Peoples State Bank of Commerce, the successor by merger of Peoples State Bank. Defendants presented a cancelled check from Kirkland's checking account to Peoples State Bank of Commerce dated February 12, 2011, in the amount of $1300.00. 4/21/11 Hearing Ex. 1. Kirkland authenticated her signature on this check at the hearing. The memo line of the check states "$350 ACC  #892656/$950 ACC #857708." *Id.* Kirkland also attached this cancelled check to her Petition to Correct the Record. (Doc. 39 Ex. 1-E). Also attached to the Petition is a cancelled check from Kirkland's checking account to Peoples State Bank of Commerce in the amount of $1300, signed by Kirkland, and dated January 26, 2011. (Doc. 39 Ex. 1-D) The memo line of this check reads "$950 - ACC # 857708[;] $350 - ACC 892656." *Id.* Testimony at the hearing established that $950 was the monthly amount due on the

mortgage of the property at issue and $350 was the monthly amount due on the car loan. Kirkland also attaches to the Petition two cancelled checks from her checking account made out to Peoples State Bank, one dated September 1, 2010, and the other dated January 8, 2011, that reference the same account numbers as the above-referenced cancelled checks made out to Peoples State Bank of Commerce on those checks' memo lines. (Doc. 39 Exs. 1-A; 1-C  Another cancelled check from Kirkland's checking account attached to the Petition is dated September 29, 2010, in the amount of $2600 to Peoples State and on the memo lines states "Land & car (2)." (Doc. 39 Ex. 1-B). Defendant states that she attached these exhibits to "show [she] was not in default." (Doc. 39 at 2).

The Court finds that Kirkland's payments to Peoples State Bank of Commerce referencing the same account numbers as those made to Peoples State Bank serves as an admission that the Bank held the mortgage on the property at issue. Because the Bank is an actual creditor, it is not subject to liability under the FDCPA. As an officer of the Bank, Barnes is also not liable. Therefore, Kirkland's claims against the Bank and Barnes under the FDCPA are due to be dismissed.

**B.     The FCRA**

The FCRA imposes two separate duties on furnishers of information to credit reporting agencies. 15 U.S.C. § 1681s-2. First, section 1681s-2(a) requires

furnishers to submit accurate information to credit reporting agencies. Second, section 1681s-2(b) requires furnishers to investigate and respond promptly to notices of customer disputes. The FCRA does not provide a private right of action to redress a violation of section 1681s-2(a); 15 U.S.C. §§ 1681s-2(c)- (d); *Chipka v. Bank of Am.*, 355 Fed. Appx. 380, 383 (11th Cir. 2009); however, it does provide a private right of action for a violation of section 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a credit reporting agency. 15 U.S.C. § 1681s-2(b)(1); *Green v. RBS Nat'l Bank*, 288 Fed. Appx. 641, 642 (11th Cir. 2008).

Kirkland asserts that, although she sent two letters disputing the alleged debt to the Bank and Barnes, they have not reported to the credit reporting agencies that the debt is being disputed by the consumer and therefore that they are liable under the FCRA.[1] (Doc. 1 at 13). Kirkland does not allege that she reported the dispute to a credit reporting agency or that the Bank received a notice of dispute from a credit reporting agency. Therefore, section 1681s-2(b) does not apply and Kirkland's FCRA claims against the Bank and Barnes are due to be dismissed.[2]

---

[1] The two letters asked the Bank to validate the debt by "signed and sworn statement before notary public under penalty of perjury." (Doc. 1 Ex. A at 1-2).

[2] Having determined that all of Kirkland's claims against the Bank and Barnes are due to be dismissed, the Court finds that Kirkland's Motion to Strike is moot. The Court did not take Barnes's affidavit into account in deciding the Motions to Dismiss.

## IV.     DISMISSAL WITH PREJUDICE IS APPROPRIATE IN THIS CASE

Pursuant to *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991), "[p]rior to 2002, a district court could not dismiss a complaint with prejudice without first giving the plaintiff a chance to amend the complaint <u>if a more carefully drafted complaint might state a claim</u>." *Clark v. Maldonado*, 288 Fed. Appx. 645, 647(11th Cir. 2008). In 2002, the 11th Circuit overruled *Bank*, and held that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, <u>who is represented by counsel</u>, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (emphasis added). However, "the *Bank* rule does remain applicable to *pro se* litigants when their complaints are dismissed with prejudice." *Clark*, 288 Fed. Appx. at 647.

Under the circumstances of this lawsuit, dismissal with prejudice of this *pro se* plaintiff's claims against the Newspaper, the Bank, and Barnes is appropriate under the *Bank* rule because "a more carefully drafted complaint [cannot ever] state a claim." *Bank v. Pitt*, 928 F.2d at 1112. Based upon Kirkland's allegations in her Complaint, all of her potential claims against the Newspaper, the Bank, and Barnes are barred based on the status of these Defendants as discussed above.

## V. CONCLUSION

Accordingly, for the reasons stated above, the Newspaper, Bank, and Barnes's Motions to Dismiss are due to be granted. Kirkland's Motion to Strike is due to be dismissed as moot. A separate order will be entered.

**DONE** and **ORDERED** this the 4th day of May, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge